IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MICHAEL ANTHONY MCKINZIE,

      Petitioner,

v.                                            Case No. 2:12-cv-00445

H.A. LEDEZMA, Warden,
FCI Reno,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

      This civil action was initially opened based upon a letter-form document complaining about the Bureau of Prisons' policies concerning institutional employment, fine payments, and eligibility for the Residential Drug Abuse Program (RDAP) at FCI El Reno in Oklahoma. At the time that the petitioner mailed the letter-form document, he was in custody at the Federal Transfer Center in Oklahoma City, Oklahoma. The Clerk was directed to mail the petitioner a form for filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and an Application to Proceed Without Prepayment of Fees and Costs, with direction to return the same within 30 days. (ECF No. 3.)

      On March 12, 2012, the petitioner returned the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4), but also paid the applicable $5.00 filing fee for a section 2241 petition. (ECF No. 5.)

      On May 10, 2012, the Clerk's Office received the petitioner's section 2241 petition form (ECF No. 7.) Rather than addressing the issues previously addressed in his letter-form document, the petitioner's section 2241 form challenged the enhancement to his

sentence for being a career offender. (*Id.*) The petitioner also requested more time to file additional information in support of his section 2241 petition after his transfer to his designated correctional facility and the opportunity to review his Presentence Investigation Report ("PSR"). (ECF No. 8.) The petitioner's motion for extension of time was granted and the petitioner was directed to advise the court when he was ready to proceed. (ECF No. 9.)

On June 7, 2012, the Clerk received and docketed a letter from the petitioner indicating that he is again in custody at FCI Reno in Oklahoma, that he has reviewed his PSR, is in possession of the documentation he needs, and is ready to proceed with this matter. (ECF No. 10.) That same date, the petitioner filed additional documentation in support of his section 2241 petition, which more extensively addresses his challenge concerning his career offender enhancement. (ECF No. 11.)

## **PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM**

The petitioner is serving a sentence of 262 months of imprisonment, to be followed by a five year term of supervised release, upon his conviction by a jury on four charges related to the distribution of crack cocaine. The District Court also imposed a fine of $12,000, to be paid in monthly installments of $50, and a special assessment of $200. The petitioner's Judgment was entered on January 3, 1996. (*United States v. McKinzie*, Case No. 2:95-cr-00021, ECF No. 64.)

The petitioner's direct appeal was unsuccessful. *United States v. McKinzie*, No. 96-4025, 1996 WL 593808 (4th Cir., Oct. 16, 1996). In his direct appeal, he challenged only the sufficiency and credibility of the evidence.

On October 20, 1997, the petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he asserted that he was denied

effective assistance of counsel concerning alibi witnesses, and that the District Court abused his discretionary power in advising the petitioner relating to his privilege against self-incrimination. (Case No. 2:95-cr-00021, ECF No. 85.) Magistrate Judge Hogg filed a Report-Recommendation on February 19, 2001, recommending that the motion be denied, as both grounds lacked merit. (ECF No. 95.) The petitioner timely filed objections (ECF No. 98); the objections were overruled and the Report-Recommendation was adopted by Judgment Order entered March 12, 1998. (ECF No. 100.)

On March 6, 1998, the petitioner filed a Motion for Remission of Fine. (ECF No. 96.) Magistrate Judge Hogg filed a Report-Recommendation which construed the motion as a second, successive section 2255 motion, which requires certification by the Court of Appeals, pursuant to the provisions of 28 U.S.C. § 2255(h), and recommended dismissal of the motion. (ECF No. 103). The District Judge adopted the Report-Recommendation, construed the Motion for Remission of Fine as a section 2255 motion, and denied it. (Orders entered May 21, 1998, ECF Nos. 104, 105.)

On July 20, 1998, the petitioner filed a Motion to Remit Payment of Fine for Violation of 18 U.S.C. § 3572(d). (ECF No. 106.) He contended that the court lacked authority to delegate the scheduling of partial payment of the fine to the Bureau of Prisons. It appears that this motion was not ruled upon. However, in an Order entered June 3, 1999, the presiding District Judge ordered the petitioner to apply fifty percent of his prison earnings toward the originally imposed fine. (ECF No. 114.)

On April 19, 1999, the petitioner filed a Motion for Resentencing and Reduction of Sentence Pursuant to Misapplication of the Sentencing Guidelines (ECF No. 108), in which he argued that his sentence was erroneously enhanced for an "invalid" offense.

Similar to his instant claim, the petitioner asserted that his 1986 conviction in this District for a violation of 18 U.S.C. § 1952(a)(3), *United States v. McKenzie*, No. 2:86-cr-00002 (S.D. W. Va. Feb. 11, 1986), should not have been considered in the 1995 determination that the petitioner is a career offender. The April 19, 1999 motion also asserted that the District Judge failed to make appropriate findings at sentencing concerning his ability to pay the fine imposed. (*Id.*)

On May 10, 1999, Magistrate Judge Hogg filed a Report-Recommendation which construed the April 19, 1999 Motion for Resentencing as another second or successive section 2255 motion, requiring certification by the Court of Appeals, and recommended dismissal of the motion on that basis. (ECF No. 112). Magistrate Judge Hogg also noted that the motion was barred by the applicable one-year statute of limitations contained in 28 U.S.C. § 2255(f). (*Id.*) The petitioner filed objections to the Report-Recommendation. (ECF No. 113.) On June 14, 1999, the presiding District Judge adopted the Report-Recommendation, construed the Motion for Resentencing as a section 2255 motion, and denied it. (ECF Nos. 116, 117.)

On June 30, 2000, the United States Court of Appeals for the Fourth Circuit denied the petitioner's Motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application for relief. (ECF No. 121).

On October 9, 2002, the petitioner filed a letter which questioned, *inter alia*, whether the petitioner could "reclaim his appeal rights" so that he could file another section 2255 motion in order to challenge his status as a career offender. The letter was docketed as another section 2255 motion. (ECF No. 122.) The petitioner was again advised that he was foreclosed from pursuing such relief by the expiration of the one-year statute of limitations and the denial of authorization to file a second or successive

4

section 2255 motion by the United States Court of Appeals for the Fourth Circuit. Thus, his request for relief was denied by the presiding District Judge. (ECF Nos. 125, 126.)

On February 13, 2006, the United States Court of Appeals for the Fourth Circuit again denied a request from the petitioner for authorization to file a successive section 2255 motion. (ECF No. 130.)

On February 17, 2009, the presiding District Judge denied the petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582, based upon the amendments to Sections 2D1.1 and 1B1.10 of the United States Sentencing Guidelines concerning cocaine base (also known as crack), finding that the petitioner was not eligible for the sentencing reduction because he was a career offender. (ECF No. 142.)

Then, on March 9, 2011, the petitioner filed yet another document challenging the career offender enhancement based on the alleged nature of his 1986 conviction which served as a predicate offense for the enhancement. The petitioner asserted that his 1986 conviction was not for a violent crime or a controlled substance offense, but rather, for a "travel count," under 18 U.S.C. § 1952(a)(3), which the petitioner alleged does not meet the definition of a predicate offense for the career offender enhancement. (ECF No. 145.) The No. 145 document was construed as another successive section 2255 motion and was denied, over the petitioner's objections, by the presiding District Judge on July 19, 2011. (ECF Nos. 151, 152.)[1] On January 20, 2012, the presiding District Judge denied the petitioner's section 2255 motion (ECF No. 145) and his

---

[1] On September 23, 2011, the petitioner filed a document entitled "Notification of Relevant Supreme Court Authority Which Impacts the Pending Pleading which the Court has Misconstrued as a 2255 Petition and Motion to Construe the Pleading as a Rule 60(b)(5) Motion to Allow the Petitioner to Withdraw the Pleading Without Prejudice and Permit Petitioner to Refile His Pleading as a Rule 60(b)(5) Motion." (ECF No. 153.) The "Notification" document attempted to argue that under *Castro v. United States*, 540 U.S. 375, 382-83 (2003), the court could not reconstrue his motion as a section 2255 motion without notice and consent. The undersigned notes that the *Castro* decision is only applicable to a document that would be counted as a defendant's first section 2255 motion.

Notification/Motion to treat his document as a Rule 60(b)(5) Motion (ECF No. 153). (ECF No. 157.)

On January 17, 2012, the petitioner filed another section 3582 motion concerning Amendment 750 to the United States Sentencing Guidelines, which conformed the Guideline penalty structure for cocaine base offenses to the amendments to the statutory penalties pursuant to the Fair Sentencing Act of 2010. (ECF No. 156.) The United States has again argued that the petitioner is not eligible for a sentence reduction under the recent amendment to the Guidelines because he is a career offender. (ECF No. 160.) The petitioner's court appointed counsel, who was also his counsel in his underlying criminal conviction, filed a document agreeing that the petitioner is not eligible for the sentence reduction because he is a career offender. (ECF No. 161.) On February 28, 2012, the presiding District Judge denied the petitioner's section 3582 motion. (ECF No. 162.)

The petitioner then filed the instant petition, as discussed above. The petitioner now asserts that his sentence should be vacated and a re-sentencing should occur because the 1986 conviction used to determine that he is a career offender occurred prior to the effective date of the United States Sentencing Guidelines, which was November 1, 1987. Accordingly, the petitioner argues that the use of the 1986 conviction to apply the career offender enhancement to his Guideline sentence violated the *Ex Post Facto* Clause of the United States Constitution, and results in a miscarriage of justice. (Case No. 2:12-cv-00445, ECF No. 11 at 4.)

The petitioner also again argues that he is actually innocent of the "more severe sentence" because the "travel count" of which he was convicted in 1986, and for which he was sentenced to one year in prison, does not qualify as a "prior felony conviction"

6

under USSG §§ 4B1.1 and 4B1.2, which is necessary to apply the career offender enhancement. (*Id.* at 4-5.) The petitioner also argues that the alleged denial of his due process rights and the miscarriage of justice that has resulted from the improper application of the career offender enhancement should overcome the procedural default of his counsel's failure to raise these issues in a direct appeal. (*Id.* at 5-6.)

The petitioner further asserts that he should be able to pursue his requested relief through a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because relief under section 2255 is inadequate and ineffective to test the legality of his detention and sentence, because the procedural limitations set forth in section 2255 have foreclosed all other avenues of judicial review. (*Id.* at 6-7.)

## ANALYSIS

The petitioner's instant petition is deficient in many respects. First, his assertion that the remedy by a motion under section 2255 is inadequate or ineffective to test the legality of his detention because the petitioner has already filed more than one section 2255 motion, and has not been authorized by the Court of Appeals to file a successive section 2255 motion rings hollow.

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

The petitioner could have challenged the application of the career offender enhancement to his sentence in his direct appeal back in 1995, but did not. Thus, the challenge was procedurally defaulted and waived. Furthermore, he did not raise this issue in his first section 2255 motion, and any attempt to raise this issue thereafter is both untimely under the one-year statute of limitations under section 2255(f), and successive in light of the denial on the merits of the petitioner's first section 2255 motion.

Second, the petitioner's assertion that the application of the career offender enhancement has resulted in a miscarriage of justice that should overcome his procedural default, and allow him to have it addressed in the instant petition also fails because the petitioner's challenge to the enhancement is meritless.

The United States Sentencing Guidelines became effective on November 1, 1987. The sentence that the petitioner is challenging was imposed on December 4, 1995, and his Judgment was entered on January 3, 1996. Although the 1986 conviction that was used as one of the predicate offenses for the application of the career offender enhancement occurred prior to the effective date of the Guidelines, there is no provision in the Guidelines, nor is the undersigned aware of any authority, that would prohibit the use of such a conviction in calculating a sentence that is imposed after the effective date of the Guidelines. There is no *ex post facto* violation.

The petitioner's argument is similar to others made challenging habitual offender statutes. In *Gryger v. Burke*, 334 U.S. 728, 729 (1948), the Supreme Court rejected an argument that the *Ex Post Facto* Clause is violated where a sentencing enhancement is based upon convictions occurring prior to the enactment of the enhancement provision. The *Gryger* Court observed that an enhanced sentence "is not to be viewed as either a

8

new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered an aggravated offense because it is a repetitive one." 334 U.S. at 732. As further noted by the Seventh Circuit in *Baker v. Duckworth*, 752 F.2d 302, 304 (7th Cir. 1985), "an habitual criminal who receives an enhanced sentence pursuant to an habitual offender statute does not receive additional punishment for his previous offenses, or punishment for his recidivist status as such, but rather receives a more severe punishment for his more recent felonious offense."

The petitioner was on notice at the time he was sentenced in 1995 that the United States Sentencing Guidelines permitted the enhancement of his sentence for prior felony offenses that met the definition contained in the Guidelines concerning the enhancement. There is no time limitation concerning the predicate offenses in the applicable Guideline provisions, and the Guidelines were in effect prior to the petitioner's sentencing. Furthermore, the petitioner was sentenced within the applicable statutory and maximum Guideline ranges. Thus, the application of a career offender enhancement based upon a predicate offense that occurred prior to the enactment of the Guidelines does not impair the *Ex Post Facto* Clause and has no other constitutional significance.

Also meritless is the petitioner's argument that he was improperly sentenced as a career offender pursuant to USSG § 4B1.1(a) because his prior 1986 conviction for violating 18 U.S.C. § 1952(a)(3) does not meet the definition of a prior felony conviction under the Guidelines. The applicable Guidelines provide as follows:

> § 4B1.1  Career Offender
>
> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the

9

>defendant has at least two prior felony convictions of either a crime of violence or <u>a controlled substance offense</u>. [Emphasis added.]

A "controlled substance offense" is defined as

>an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

According to the petitioner's Presentence Investigation Report ("PSR"), in 1986, the petitioner was convicted upon his guilty plea to a violation of 18 U.S.C. § 1952(a)(3), interstate travel in aid of a racketeering enterprise involving distribution of cocaine, and ordered to serve one year in prison. In other words, he was convicted of traveling in interstate commerce to Florida, purchasing cocaine, bringing it to West Virginia, and distributing it. (PSR, ¶ 35, at 9.)

The undersigned has located documents related to the petitioner's 1986 conviction. The petitioner was originally indicted on October 10, 1985, and charged with distribution of cocaine (three counts) and use of a telephone to facilitate distribution of cocaine (one count). Pursuant to a plea agreement, the United States agreed to dismiss the four counts and to file an information charging him with one count of 18 U.S.C. § 1952(a)(3). The information alleged that the petitioner traveled in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of a business enterprise involving the unlawful distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Thus, the underlying felony was a controlled substance offense.

In 1989, the petitioner was convicted in this District upon his guilty plea to a violation of 21 U.S.C. § 841, distribution of cocaine, and ordered to serve four years in prison and four years of a special parole term. (PSR, ¶ 36, at 10.) Shortly after he was released on parole, he was arrested for grand larceny, and his parole was revoked. *Id.* After the petitioner was reparoled, he was reprimanded for possession of a suspended driver's license, and two positive urine screens showing his use of cocaine. *Id.* A parole violator's warrant was issued after the petitioner was arrested and charged with battery on a law enforcement officer, resisting arrest with violence, disorderly conduct, and aggravated assault on a law enforcement officer, moved from his residence without notice to his probation officer, and failed to report that he was fired from his job. *Id.* at 11. The petitioner was arrested in Boone County, West Virginia in 1993, and charged with possession of two stolen firearms and possession of marijuana. *Id.* The petitioner's special parole term expired on September 9, 1994. *Id.*

According to the Superseding Indictment returned on April 26, 1995, the petitioner was engaged in a conspiracy to distribute cocaine base beginning on September 25, 1994, just two weeks after his parole expired. (Case No. 2:95-cr-00021, ECF No. 24.) Thus, the petitioner is a recidivist of violent crimes and controlled substance offenses, to whom the career offender enhancement was appropriately applied.

## **RECOMMENDATION**

For all of these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and dismiss this civil action from the docket of the court. Furthermore, in light of the petitioner's payment of the applicable $5.00 filing fee, it is respectfully

**RECOMMENDED** that his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) be **DENIED AS MOOT**.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner.

June 18, 2012

Mary E. Stanley
United States Magistrate Judge