# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MICHAEL ANTHONY MCKINZIE,

        Plaintiff,

v.                             CIVIL ACTION NO.   2:12-cv-00445

H.A. LEDEZMA,

        Defendant.

### MEMORANDUM OPINION AND ORDER

On February 21, 2012, Plaintiff Michael Anthony McKinzie, *pro se*, filed a handwritten letter (along with various attachments) complaining about various conditions of his confinement in the Bureau of Prisons.  (Docket 1.)    On February 22, 2012, this Court referred Plaintiff's motion to Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(b). (Docket 2.)   Also on February 22, 2012, the Clerk's office mailed Plaintiff a § 2241 petition (and related paperwork) and instructed him to complete the forms and return them within thirty days.   (Docket 3.)   On March 12, 2012, Plaintiff filed an Application to Proceed without Prepayment of Fees and Costs, but nonetheless paid the $5.00 filing fee.  (Docket 5.)   On April 25, 2012, Magistrate Judge Stanley issued an order directing Plaintiff, among other things, to inform the Court in writing of his intent to pursue this litigation.  (Docket 6.)   Plaintiff was again provided with a form § 2241 petition and again instructed to complete the form.  (*Id.*)   On May 10, 2012, Plaintiff filed his § 2241 petition and filed a handwritten motion for a continuance of this case explaining that he was being

transferred to a different prison facility.   (Docket 7, 8.)   Magistrate Judge Stanley granted Plaintiff's motion for a continuance and held this case in abeyance until such time as Plaintiff arrived at his designated institution.   (Docket 9.)   On June 7, 2012, Plaintiff filed a letter advising that he was now ready to proceed with this case and submitted additional documentation in support of his § 2241 petition.   (Docket 10, 11.)

On June 18, 2012, Magistrate Judge Stanley issued a PF&R (Docket 12) recommending that the Court deny Plaintiff's § 2241 motion, dismiss this case, and deny as moot Plaintiff's Application to Proceed without Prepayment of Fees and Costs.[1]   [Docket 4.]

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's Order.   *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   Here, objections to Magistrate Judge Stanley's PF&R were due on July 5, 2012, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).   To date, no objections to the PF&R have been filed.

---

[1]   Magistrate Judge Stanley thoroughly addressed and properly rejected each of Plaintiff's claims.   One additional point should be noted with respect to Plaintiff's claim that he was improperly sentenced as a career offender under USSG § 4B1.1.   As correctly found by Magistrate Judge Stanley, Plaintiff's predicate conviction for interstate travel in aid of a cocaine distribution racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) is properly construed as a "controlled substance offense" under USSG § 4B1.2(b).   The governing inquiry here is whether Plaintiff's underlying conduct for this conviction facilitated the distribution of a controlled substance.   *See, e.g.*, *United States v. Shabazz*, 233 F.3d 730, 733 (3d Cir. 2000) (affirming district court's application of defendant's prior state felony conviction for using a minor to facilitate a drug distribution scheme as a career offender predicate felony).   For the reasons well-stated by Magistrate Judge Stanley, Plaintiff's § 1952(a)(3) conviction was a controlled substance offense under USSG § 4B1.1.

Accordingly, the Court hereby **ADOPTS** the PF&R [Docket 3], **DENIES AS MOOT** Plaintiff's Application to Proceed without Prepayment of Fees and Costs [Docket 4], and **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        NOVEMBER 9, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE